**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott Charles Bauer, | No. CV-19-01155-PHX-JAT (MTM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Scott Charles Bauer has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

**I.      Summary of Conclusion.**

Petitioner raises four grounds for relief, asserting a defective charging indictment, insufficient evidence to convict, an unconstitutional jury instruction, and ineffective assistance of counsel. All four grounds are without merit. Accordingly, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.     Background.**

**A.      Factual Background.**

On December 19, 2014, Petitioner was convicted of nineteen (19) counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553. (Doc. 10-2, Ex. Y at 271). The

Arizona Court of Appeals set forth the following facts in Petitioner's direct appeal:

> Following a jury trial, appellant Scott Bauer was convicted of nineteen counts of sexual exploitation of a minor, dangerous crimes against children. The trial court sentenced him to presumptive, consecutive terms totaling 323 years' imprisonment.
>
> ....
>
> The evidence presented at trial showed Bauer had stored nineteen images of children under the age of fifteen engaged in exploitive exhibition or other sexual conduct on the hard drive of his computer.

*State v. Bauer*, No. 2 CA-CR 2015-0018, 2016 WL 1704613 *1 (Ariz. Ct. App. Apr. 28, 2016)(*Bauer I*).[1]

### B.    Direct Appeal.

January 9, 2015, Petitioner filed a timely notice of appeal (doc. 10-3, Ex. AA at 2). Petitioner's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) that indicated that counsel reviewed the trial record and found no arguable issues on appeal. (Doc. 10-3, Ex. BB at 11). On November 16, 2015, Petitioner filed a *pro se* brief with the Arizona Court of Appeals (Doc. 10-3, Ex. GG at 27). Petitioner raised three issues: (1) whether the State's failure to allege and prove the identities of the "actual minor" victims required reversal; (2) whether the indictment deprived the trial court of jurisdiction by failing to state the identities of the minor victims; and (3) whether the trial court committed reversible error by reading the permissive inference jury instruction drawn from A.R.S. § 13-3556. (*Id.* at 28).

On April 28, 2016, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. *Bauer I*, 2016 WL at *2. The Court concluded that the actual identities of the children in the images seized from Petitioner's computer did not need to be proven under A.R.S. § 13-3553; the indictment did not deprive the trial court of jurisdiction; and the jury instruction, while erroneous, was harmless error. *Id.* at *1-2. Petitioner sought review at the Arizona Supreme Court, which was denied. (*See* doc. 10-4, Ex. UU at 32). On January 9, 2017, the Arizona Court of Appeals issued its mandate. *Id.* The United States

---

[1] Under 28 U.S.C. § 2254(e)(1), the Court presumes that the state court's recounting of the facts is correct.

1   Supreme Court denied certiorari on May 15, 2017. *Bauer v. Arizona*, 137 S. Ct. 2123
2   (2017)(Mem.).

3          **C.     State Post-Conviction Relief Proceeding.**

4          On January 9, 2017, Petitioner filed a Notice of Post-Conviction Relief ("PCR")
5   under Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 10-6, Ex. ZZ at 20-22).
6   Appointed counsel notified the Court on July 10, 2017 that the PCR notice presented no
7   colorable claims for relief. (Doc. 10-6, Ex. AAA at 24). On August 31, 2017, Petitioner
8   filed a *pro per* petition for post-conviction relief. (Doc. 10-7, Ex. DDD at 2). Petitioner
9   raised the three issues from his direct appeal and raised an additional claim for ineffective
10  assistance of counsel for failing to object to the indictment and failing to object to the trial
11  on jurisdictional grounds. (*Id*. at 3-19).

12         On January 5, 2018, the Pinal County Superior Court rejected Petitioner's PCR
13  petition. (Doc. 10-8, Ex. III at 30). The reviewing court determined that Petitioner's claims
14  of ineffective assistance of counsel at both the trial and the PCR proceeding were without
15  merit, and that even if counsel had made errors at trial, the errors were not prejudicial. (*Id*.
16  at 31-32). Petitioner's Motion to Reconsider (doc. 10-8, Ex. JJJ at 34-39) was denied on
17  January 29, 2018. (Doc. 10-8, Ex. KKK at 41).

18         On February 8, 2018, Petitioner filed a Petition for Review with the Arizona Court
19  of Appeals. (Doc. 10-8, Ex. LLL at 43). On July 11, 2018, the Arizona Court of Appeals
20  granted review but denied relief. *State v. Bauer*, No. 2 CA-CR 2018-0047-PR, 2018 WL
21  3409136 (Ariz. Ct. App. July 11, 2018)(*Bauer II*). Petitioner's motion for reconsideration
22  was denied on August 2, 2018. (Doc. 10-9, Ex. QQQ at 2).

23  **III.    The Petition.**

24         On February 19, 2019, Petitioner filed a Petition for Writ of Habeas Corpus (doc.
25  1). The Court in its March 15, 2019 Order (doc. 5) summarized Petitioner's claims as
26  follows:

27         Petitioner raises four grounds for relief. In Ground One, Petitioner asserts
           that the indictment was insufficient as a matter of law, and the trial court
28         therefore did not have subject-matter jurisdiction over his case. In Ground
           Two, Petitioner alleges that the evidence was insufficient to convict him. In

1
2
3
4

Ground Three, Petitioner claims the trial court committed reversible error when it gave an unconstitutional "permissible inference" jury instruction at Petitioner's trial. In Ground Four, Petitioner asserts that his trial counsel was ineffective for failing to know state law and advocate on Petitioner's behalf as to the insufficient indictment and allowing the trial to proceed in the absence of subject-matter jurisdiction.

5
6
7

(*Id*. at 1-2). On June 6, 2019, Respondents filed their Response (doc. 10). On October 17, 2019, Petitioner filed a Reply (doc. 18) to the Response, and a Memorandum in Support of the Reply (doc. 19)(Memorandum).

8

**IV.   Discussion.**

9
10
11
12
13
14

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

15

**A.   Timeliness.**

16
17
18
19
20
21
22

The Petition was timely filed. The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Court of Appeals affirmed Petitioner's conviction on April 28, 2016; the conviction became final on May 15, 2017, after the United States Supreme Court denied the petition for writ of certiorari. Petitioner therefore had until May 16, 2018 to file his Petition with this Court, unless Petitioner is entitled to statutory tolling.

23
24
25
26
27
28

Petitioner is entitled to statutory tolling, based on his filing of a timely notice of post-conviction relief in state court. The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R.

Crim. P. 32.4(a)("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred"). The PCR proceeding concluded on August 2, 2018, upon denial of Petitioner's Motion for Reconsideration. Petitioner filed his timely Petition on February 19, 2019, well before the deadline of August 2, 2019.

**B.    Exhaustion.**

Petitioner properly exhausted his state law remedies. Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"). In Arizona claims are considered "exhausted" in non-capital cases when considered by the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory of the claim. *Baldwin*, 541 U.S. at 33. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(internal citations omitted).

Petitioner presented all four grounds for relief to the Arizona Court of Appeals; Grounds One through Three were presented in Petitioner's direct appeal[2] (*see* doc. 10-3, Ex. GG at 28, 39-50), while Ground Four was presented in Petitioner's petition for review

---

[2] Petitioner's brief cites extensively to Supreme Court decisions interpreting the Due Process Clause of the Fourteenth Amendment. (Doc. 10-3, Ex. GG at 41, 45, 48-49). This is sufficient to satisfy the fair presentation requirement of *Baldwin*, even if the federal nature of Petitioner's claims was not made immediately apparent at the beginning of the direct appeal brief. *Baldwin*, 541 U.S. at 32. ("A litigant wishing to raise a federal issue can easily indicate the federal law basis […] by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds").

of the denial of post-conviction relief. (*See* doc. 10-8, Ex. LLL at 54-56). Petitioner's claims were properly exhausted in state court.

### C.   Merits Review.

The court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S. Ct. 2187, 2198-99 (2015). An unreasonable application of law:

> must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 572 U.S. 415, 419-20 (2014)(internal citations omitted). Further, the petitioner must show the error was not harmless: "[f]or reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Ayala*, 135 S. Ct. at 2197 (internal quotations omitted).

### 1.   Ground One.

Petitioner asserts that his federal due process rights were violated by an indictment that failed to provide adequate notice of the charges and omitted an essential element of the crime. (Doc. 19 at 4). Petitioner cites *Russell v. United States,* 369 U.S. 749, 763-65 (1962) for the propositions that an indictment must contain all the elements of the offense and provide adequate notice and protection against double jeopardy. Petitioner argues that the indictment was constitutionally defective for not providing the actual identity of the children depicted in the charged sexual images. (Doc. 1 at 6).[3]

---

[3] Petitioner also argues in the Memorandum that, under *Apprendi v. New Jersey*, 530 U.S. 466, 495 (2000), the fact that A.R.S. § 13-3553 constitutes a "Dangerous Crime Against Children" for purposes of sentencing under A.R.S. § 13-705 means that the State had to prove the actual identity of the children for a victim under A.R.S. § 13-705 to exist. (Doc. 19 at 10). Because this argument appears for the first time in a reply, the argument is waived by Petitioner. *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

1    Respondents argue that Ground One is not cognizable on habeas review because it

2    merely asserts that "the indictment was insufficient as a matter of law," which is a state

3    law question. (Doc. 10 at 10-11). However, Ground One also claims that the indictment

4    did not provide Petitioner with adequate notice of the nature of the charges against

5    Petitioner, and that the indictment was not sufficiently definite enough to protect

6    Petitioner's right against double jeopardy. (Doc. 1 at 6). Because these claims raise

7    constitutional questions separate from the indictment's alleged infirmity as a matter of state

8    law, Ground One is cognizable on federal habeas review.

9               a.      Elements of the Charged Offense.

10    In habeas review, federal courts defer to state courts on questions of state law.

11    *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's

12    interpretation of state law, including one announced on direct appeal of the challenged

13    conviction, binds a federal court sitting in habeas corpus").

14    The Arizona Court of Appeals has repeatedly rejected the exact argument advanced

15    by Petitioner. In *State v. Thompson*, No. 1 CA-CR 15-0622 PRPC, 2017 WL 1180247

16    (Ariz. Ct. App. Mar. 30, 2017), the Arizona Court of Appeals denied post-conviction relief

17    to an individual claiming the state trial court should not have dismissed his petition for

18    post-conviction relief because the State had failed to identify an "actual minor" under

19    A.R.S. § 13-3553. *Id*. at *1. The petitioner in *Thompson*, like Petitioner in the present case,

20    argued that *State v. Hazlett*, 73 P.3d 1258 (Ariz. Ct. App. 2003) *State v. Tschilar*, 27 P.3d

21    331 (Ariz. Ct. App. 2001), and *State v. Olquin*, 165 P.3d 228, 232-33 (Ariz. Ct. App. 2007),

22    when read together, require the State to identify an actual minor to sustain a conviction

23    under A.R.S. § 13-3553. *Id*. The Court of Appeals rejected that argument, reasoning that

24    "[n]one of the authority Thompson cites required the State to prove the 'actual identity'

25    (i.e., the name and age) of the minor victim." *Thompson*, 2017 WL 1180247 at *2.

26    *State v. Regenold*, No. 1 CA-CR 16-0436 PRPC, 2019 WL 1219624 (Ariz. Ct. App.

27    Mar. 14, 2019) also rejected the argument that a conviction under A.R.S. § 13-3553

28

1    requires proof of the victims' actual names. The *Regenold* Court noted that "[n]othing in §

2    13-3553 suggests that identifying the child is an essential element of the crime of sexual

3    exploitation of a minor." *Regenold*, 2019 WL at *2. Accordingly, the *Regenold* Court found

4    that "even though the children are 'victims' does not mean their identities are essential

5    elements of the offense." *Id*., citing *Olquin*, 165 P.3d at 255. *See also*, *State v. Villegas-

6    Rojas*, 296 P.3d 981, 983 (Ariz. Ct. App. 2012)("Thus, although the statute makes it clear

7    the offense of endangerment is reckless behavior *placing another person at risk*, it does

8    not require or imply that the *name or exact identity* of the victim is a necessary element of

9    the offense" (emphasis added).

10       As Petitioner acknowledges (Doc. 19 at 11), the text of A.R.S. § 13-3553 does not

11   specify that a child's identity is an element of the offense. Rather, as noted by the Arizona

12   Court of Appeals in denying Petitioner's Motion for Reconsideration, *State v. Hazlett*, 73

13   P.3d 1258, 1262 (Ariz. App. 2003) held that the statute requires not identities but "actual

14   children actually participating in the acts depicted." (Doc. 10-4, Ex. RR at 24). Consistent

15   with the interpretation of the state courts, this Court rejects Petitioner's argument that his

16   due process rights were violated by the failure of the indictment to include the actual

17   identities of the minor children in the images of conviction. [4]

18           b.    Adequate Notice and Double Jeopardy.

19        The charging indictment identified the date of the violation, the statutes violated,

20   and for each count, the specific .jpg file that constituted "a visual depiction in which a

21   minor is engaged in exploitive exhibition or other sexual conduct." (Doc. 10-1, Ex. C at

22   16-20). The notice provided to Petitioner was not constitutionally defective. *See Nevius v.

23   Sumner*, 852 F.2d 463, 471 (9th Cir. 1988)(plain language coupled with references to

24   ─────────────────

25   [4] As Memorandum decisions, *Regenold* and *Thompson* are not precedential under Arizona
     law. *See* Ariz. Sup. Ct. R. 111(c). However, Ariz. Sup. Ct. R. 111(c)(1)(C) provides that
26   memorandum decisions may be cited "for persuasive value" if no published opinion
     adequately addresses the issue before the court. As *Regenold* and *Thompson* addressed the
27   exact issues raised by Petitioner, the Court concludes *Regenold* and *Thompson* accurately
     represent Arizona law. In a similar vein, a federal court sitting in diversity jurisdiction may
28   consider unpublished state decisions insofar as they "lend support" to the contention that
     they "accurately represent" state law. *Emp'rs Ins. of Wausau v. Granite St. Ins. Co.*, 330
     F.3d 1214, 1220 n.8 (9th Cir. 2003).

1   specific statutes in the indictment provided adequate notice of the charges against
2   defendant). Further, the factual details provided in the indictment provide adequate
3   protection against Petitioner facing legal jeopardy for the same illicit images. *Compare*
4   *United States. v. Hillie*, 227 F. Supp. 3d 57, 78-79 (D.D.C. 2017)("The broadly-worded
5   and factually sparse child pornography counts in Hillie's indictment—none of which are
6   tied to any particular act or video on the face of the charging document—suffer from the
7   same defect, because the allegations are insufficient to establish the boundaries of the
8   charged conduct").

9                                    c.    Conclusion.

10          For the reasons described above, Petitioner has not established for Ground One that
11   the Arizona Court of Appeals' denial of post-conviction relief was contrary to, or an
12   unreasonable application of clearly established federal law. Ground One is therefore
13   without merit.

14                          **2.    Ground Two.**

15          Petitioner's claims as to Ground Two lack merit.[5] Petitioner states that "[b]ecause
16   the plain language of [relevant Arizona statutes] require an "actual minor" victim for a
17   "Dangerous Crime Against Children" conviction to be sustained, the state's failure to prove
18   the identity of any "actual" victim under the age of 15 provided insufficient evidence to
19   sustain the verdicts on all counts." (Doc. 1 at 7). This claim is essentially a permutation of
20   the claim in Ground One, though it goes to the facts presented at trial instead of to the
21   charging document. As discussed above, the Arizona Court of Appeals' determination that
22   actual identity is not required under Arizona law to sustain a conviction for a violation of
23   A.R.S. § 13-3553 is not contrary to, or an unreasonable application of clearly established
24   federal law. Therefore, Petitioner's due process rights were not violated by the lack of
25   evidence at trial as to the actual identities of the children depicted in the images obtained

26   ───────────────
27   [5] The Court notes that Petitioner stated in the Reply that Petitioner "agrees with the
     Respondents' assertions in their Answer (*id.* at 4-9)." (Doc. 18 at 1). That portion of the
     Respondents' Answer also includes the *Bauer I* Court's determination that "the evidence
28   presented at trial showed Bauer had stored nineteen images of children under the age of
     fifteen engaged in exploitive exhibition or other sexual conduct on the hard drive of his
     computer."

1    from Petitioner's computer.

2          A state prisoner is entitled to habeas relief if a federal court finds that "upon the

3    record evidence adduced at the trial no rational trier of fact could have found proof of guilt

4    beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The federal

5    court's review of the evidence under *Jackson* is limited to the evidence introduced at trial.

6    *McDaniel v. Brown*, 558 U.S. 120, 130-31 (2010). The Court is required to view the

7    evidence in the light most favorable to the prosecution and presume that the jury resolved

8    evidentiary conflicts in the prosecution's favor. *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir.

9    2015), citing *Jackson*, 443 U.S. at 326. A jury's credibility determinations are "entitled to

10   near-total deference under *Jackson*." *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

11         The Court cannot conclude that no rational trier of fact could have found proof of

12   guilt beyond a reasonable doubt. The Court first looks to the "last reasoned decision" by

13   the state court to determine if the evidence was sufficient to support a guilty verdict.

14   *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Because the Arizona Court of

15   Appeals last considered the sufficiency of the evidence in *Bauer I*, the Court reviews that

16   decision to determine if the evidence was sufficient to support a guilty verdict.

17          The evidence presented at trial was sufficient to support a guilty verdict. The

18   Arizona Court of Appeals in *Bauer I* stated that the evidence at trial was sufficient to

19   support the jury's verdict, as "[t]he evidence presented at trial showed Bauer had stored

20   nineteen images of children under the age of fifteen engaged in exploitive exhibition or

21   other sexual conduct on the hard drive of his computer." *Bauer I*, 2016 WL at *1. In the

22   context of evaluating Petitioner's assertion that the jury instructions were erroneous, the

23   Arizona Court of Appeals noted:

24         [t]he state's expert testified at length and specifically about the ages of the
           children depicted based on their sexual development. The images themselves
25         clearly depict actual minors, not adults pretending to be minors. Indeed,
           Bauer himself agreed the pictures depicted persons who were "obviously
26         children." And Bauer directs us to nothing in the record to suggest the images
           were computer-generated or were otherwise deceptive as to the subjects'
27         ages.

28

*Id.* In this case, the State was required to prove[6] that Petitioner (1) with knowledge, (2) possessed a visual depiction (3) of a minor engaged in exploitive exhibition or other sexual conduct; and (4) that the minor is under fifteen years of age. The State at trial introduced evidence that investigators tracked numerous exchanges of images exchanged with Petitioner's IP address. (Doc. 10-1, Ex. L at 420-29) The State also introduced evidence that multiple images were recovered by investigators on Petitioner's computer. (*Id.* at 499-503). Evidence of knowledge was also presented to the jury (*id.* at 509-10), as was evidence that Petitioner obtained the imagery for purposes of sexual arousal. (*Id.* at 510). Additionally, the State introduced testimonial evidence from Dr. Kathryn Coffman that the children depicted in the imagery were all under the age of fifteen. (Doc. 10-1, Ex. H at 303, 314-331). Based on its independent review of the record, this Court cannot conclude that no rational trier of fact could find beyond a reasonable doubt that Petitioner violated A.R.S. § 13-3553. Petitioner's claims as to Ground Two lack merit.

### 3.      Ground Three.

Petitioner's claims as to Ground Three lack merit. Petitioner argues that the trial court gave an erroneous jury instruction that violated Petitioner's Fourteenth Amendment rights. Petitioner objects to the permissive inference jury instruction, which stated:

> In a prosecution relating to the sexual exploitation of children, you may draw the inference that a participant was a minor if the visual depiction or live act through its title, text or visual representation depicted the participant as a minor.

> You are free to accept or reject this inference as triers of fact. You must determine whether the facts and circumstances shown by the evidence in this case warrant any inference that the law permits you to make. Even with the inference, the State has the burden of proving each and every element of the offense beyond a reasonable doubt before you can find the defendant guilty.

> In considering whether the participant was a minor, you are reminded that in the exercise of constitutional rights, a defendant need not testify. The alleged unlawful conduct may be satisfactorily explained through other circumstances and other evidence, independent of any testimony by a defendant.

---

[6] Although Petitioner in Ground Two rests primarily on the argument that actual identity of the victims is a necessary element of the offense, Petitioner stated that insufficient evidence existed "on all essential elements of the alleged offenses." (Doc. 1 at 7). Accordingly, the Court reviews all essential elements of the offenses.

(Doc. 10-2, Ex. U at 234). Petitioner argues this instruction was erroneous because the Arizona Court of Appeals in *Hazlett* declared the instruction unconstitutionally overbroad. (Doc. 1 at 8, citing *Hazlett*, 73 P.3d at 1264 n.10).

To receive habeas relief for an erroneous jury instruction, a petitioner must show "the ailing instruction by itself so infected the entire trial that the resulting conviction violated due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The violative instruction must be considered in the context of all the jury instructions as well as the entire trial record. *Id*. Respondents assert that Petitioner did not establish prejudice from the erroneous instruction considering the factual record. (Doc. 10 at 19-20).

The Court cannot conclude that the jury instruction so infected the entire trial that Petitioner's conviction violated due process. First, while the instruction recites verbatim the language invalidated by *Hazlett*,[7] the instruction also stated that the jury was "free to accept or reject this inference as triers of fact." (Doc. 10-2, Ex. U at 234). The additional language did not cure the constitutional defect, but it did help reduce the risk of prejudice, by emphasizing the permissive nature of the potential inference.

A permissive inference only affects the sufficiency of the conviction in a criminal case if, given the facts of the case, "there is no rational way the trier could make the connection permitted by the inference." *Cnty. Ct. of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140, 157 (1979). If there is "a 'rational connection' between the basic facts that the prosecution proved and the ultimate fact presumed," then the permissive inference is constitutional. *Id*. at 165. The Ninth Circuit's decision in *Hall v. Haws*, 861 F.3d 977 (9th Cir. 2017) is instructive on this point. The *Hall* Court affirmed the district court's grant of habeas relief for an erroneous jury instruction that permitted a jury to infer from the defendant's possession of the victim's property that the defendant intentionally murdered the victim. *Id*. at 990. The *Hall* Court, applying the standard set forth in *Ulster County*, explained that "the presumed fact does not follow from the facts established." *Id*. In contrast, in the instant habeas there was substantial evidence from which a rational jury

---

[7] *Hazlett* did not specifically invalidate the jury instruction; the decision invalidated A.R.S. § 13-3556, from which the language in the instruction was taken.

could reasonably determine that the images seized from Petitioner's computer depicted minors under the age of fifteen engaging in sexually exploitive activity. Accordingly, even without the permissive inference instruction, by considering Dr. Coffman's testimony and viewing the images themselves, a rational jury could conclude that the victims depicted in the images were minors. As the Arizona Court of Appeals summarized, "[t]he state's expert testified at length and specifically about the ages of the children depicted based on their sexual development. The images themselves clearly depict actual minors, not adults pretending to be minors. Indeed, Bauer himself agreed the pictures depicted persons who were 'obviously children.'" *Bauer I*, 2016 WL at *1. The Court concludes that the erroneous instruction did not render the entire trial constitutionally deficient.

Petitioner argues that the erroneous jury instruction was structural error not subject to harmless error review. (Doc. 19 at 23, citing *Arizona v. Fulminante*[8], 499 U.S. 279, 309-10 (1991); *U.S. v. Alferahin*, 433 F.3d 1148, 1159 (9th Cir. 2006); *U.S. v. Prado*, 815 F.3d 93 (2d Cir. 2016)). Petitioner's reliance on these cases is misplaced; in fact, an erroneous jury instruction may be reviewed under the harmless error standard. In *Alferahin*, the Ninth Circuit did undertake a harmless error analysis, even if not stated as such. *Id.* at 1157. ("We recognize, as the government points out, that the omission of an element from jury instructions does not always 'affect' a defendant's substantial rights and that the failure to submit an element to the jury is not per se prejudicial.") The *Alferahin* Court held that a jury instruction that omitted a materiality requirement was not harmless error in the absence of other evidence regarding defendant's false statement on his permanent resident application. *Id* at 1158. ("In this case, we are unpersuaded that the evidence against Alferahin was so strong or convincing that the omission of materiality from the jury instructions did not affect his substantial rights"). *See also Prado*, 815 F.3d at 100. ("We review challenges to jury instructions *de novo* but will reverse only where the charge, viewed as a whole, demonstrates prejudicial error.")(internal citations omitted).[9]

---

[8] *Fulminante* is not on point, as it dealt with the admission of an involuntary confession, not a jury instruction. 499 U.S. at 309-10.

[9] Petitioner also argues in the Memorandum that the Arizona Court of Appeals in *Bauer I*

1          **4.      Ground Four.**

2          Petitioner's claims as to Ground Four lack merit. To succeed in a claim of

3    ineffective assistance of counsel, Petitioner must satisfy the two-pronged test laid out in

4    *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must demonstrate that "counsel's

5    representation fell below an objective standard of reasonableness," with reasonableness

6    being judged under professional norms at the time assistance was rendered. *Id.* at 688.

7    Second, Petitioner must demonstrate that "there is a reasonable probability that, but for

8    counsel's error the result would have been different." *Id.* at 687-96. A reasonable

9    probability is a "probability sufficient to undermine confidence in the outcome. *Id.* at 688.

10   The petitioner has the burden of proving his claim of ineffective assistance and must

11   overcome a "strong presumption that the representation was professionally reasonable."

12   *Id.* at 689.

13         As a threshold matter, Petitioner must demonstrate that the reviewing court's

14   application of the *Strickland* standard was also objectively unreasonable. *Cullen v.*

15   *Pinholster*, 563 U.S. 170, 190 (2011). The Supreme Court has described this burden as

16   "doubly deferential" to the state proceedings, requiring both a finding that trial counsel was

17   deficient and that the deficiency prejudiced the Petitioner, and a finding that the reviewing

18   court's decision to the contrary was itself objectively unreasonable. *Id*. As to Petitioner's

19   ineffective assistance of counsel claim, the Arizona Court of Appeals stated that "[t]he core

20   of [Petitioner's] argument is that the victim's identity is an element of the offense. We have

21   rejected that argument. Thus, he cannot demonstrate that counsel fell below prevailing

22   professional norms by failing to raise it, nor that he was prejudiced thereby." *Bauer II*,

23   2018 WL at *1.

24         Petitioner has not met his burden of proof as to the ineffective assistance of trial

25   counsel. As in Grounds One through Three, Petitioner premises this claim on the assertion

26   that the identity of the children in the images is a material element necessary to sustain a

27   _____

     improperly placed the burden on Petitioner to prove that the children depicted in the images

28   were not actual children. (Doc. 19 at 22). As with Petitioner's *Apprendi* argument, this was
     raised for the first time in the Memorandum and is therefore waived by Petitioner.
     *Delgadillo v. Woodford,* 527 F.3d 919, 930 n.4 (9th Cir. 2008).

conviction under A.R.S. § 13-3553. (*See* doc. 19 at 23). For the reasons stated previously, including that the Arizona Court of Appeals has rejected this argument, *see Regenold*, 2019 WL at *2; *Thompson*, 2017 WL at *1, this argument lacks merit. It is not objectively unreasonable for defense counsel to decline to make motions and legal arguments unsupported by statute and caselaw. *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012)("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless.")(internal citations omitted). Therefore, Petitioner has not demonstrated that defense counsel's failure to object to the sufficiency of the indictment fell below an objective standard of reasonableness.

**V.    Evidentiary Hearing.**

Petitioner requests that this Court order an evidentiary hearing (doc. 18 at 3-4). Petitioner does not proffer any new evidence or suggest that any evidence adduced at the hearing would, if true, entitle Petitioner to habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Petitioner's challenge to the evidence presented at trial is that the State was obligated (and failed to) put on evidence of the victims' identities to obtain a conviction, not that there was some newly discovered evidence that demonstrates that Petitioner could not have committed the crime in question. (*See* doc. 1 at 7). An evidentiary hearing is not warranted in this case.

**VI.    Conclusion.**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are without merit. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of May, 2020.

Michael T. Morrissey
_____
Honorable Michael T. Morrissey
United States Magistrate Judge