**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Charles Bauer,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-19-01155-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Scott Charles Bauer's ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. 1). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the petition be denied. (Doc. 21). Petitioner filed objections, (Doc. 24), and Respondents responded to those objections, (Doc. 25). The Court now rules on the petition.

**I.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). This de novo review requirement applies only to "the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S.*

*Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009). Such objections must be "specific." Fed. R. Civ. P. 72(b)(2).

The petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. This Court must deny the petition as to any claims that state courts have adjudicated on the merits unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

## II. BACKGROUND

The R&R recounts the factual and procedural history of this case at pages 1–4. (Doc. 21 at 1–4). Neither party objected to this portion of the R&R and the Court hereby accepts and adopts it. In brief, that history is as follows:

Petitioner was convicted of storing nineteen images of children under the age of fifteen engaged in exploitive exhibition or other sexual conduct on the hard drive of his computer in violation of A.R.S. § 13-3553. (Doc. 21 at 1–2). He timely appealed and filed a *pro se* brief with the Arizona Court of Appeals, raising substantially the same issues he raises here. (*Id.* at 2). The Arizona Court of Appeals affirmed his convictions and sentences, and the Arizona Supreme Court denied review. (*Id.*). The Pinal County Superior Court denied him post-conviction relief. (*Id.* at 3). He filed a Petition for Review with the Arizona Court of Appeals, which granted review but denied relief. (*Id.*). That court likewise

denied his motion for reconsideration. (*Id.*). Petitioner then filed this Petition for Writ of Habeas Corpus. (*Id.*).

**III. ANALYSIS**

As a preliminary matter, the Court hereby adopts the Magistrate Judge's findings that Petitioner properly exhausted his state law remedies and timely filed this petition. (Doc. 21 at 4–6). Neither party objected to these findings.

Petitioner raises four grounds for relief in his Petition. (Doc. 1 at 6–9). He asserts in ground one that the indictment was constitutionally deficient, in ground two that the evidence presented at trial was insufficient to sustain a verdict, in ground three that the giving of an erroneous jury instruction violated his 14th Amendment due process rights, and in ground four that the assistance of his counsel was ineffective. As grounds one, two, and four depend wholly upon Petitioner's interpretation of the elements of §13-3553, the Court considers these grounds together before proceeding to a separate consideration of ground three.

### a. Grounds One, Two, and Four

Petitioner's first, second, and fourth grounds for relief rest on his contention that the identity of a minor victim is an element of the crime of sexual exploitation of a minor under A.R.S. § 13-3553. In his first ground Petitioner claims that because the State's indictment omitted this purported element, the indictment was insufficient to provide him with adequate notice of the nature of the charges or to protect his right against double jeopardy. (Doc. 1 at 6). In his second ground Petitioner claims that the State's failure to prove the purported element means that there was insufficient evidence to sustain the verdict on all counts. (Doc. 1 at 7). In his fourth ground Petitioner claims that the assistance of his counsel was ineffective because his counsel did not object to the state's errors as alleged in grounds one and two. (Doc. 1 at 9).

In reviewing a habeas petition, a federal court is limited to determining "whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions." *Id.* at 67–68. In fact, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citations omitted).

Petitioner argues that the actual identity of a depicted minor is an element of A.R.S. § 13-3553. In so arguing he relies on the decisions of the Arizona Court of Appeals in *State v. Hazlett*, 73 P.3d 1258 (Ariz. Ct. App. 2003) and *State v. Olquin*, 165 P.3d 228 (Ariz. Ct. App. 2007). In *Hazlett*, the Arizona Court of Appeals held that the term "minor" in § 13-3551 refers to an "actual child." *Hazlett*, 73 P.3d at 1266. The *Olquin* court mentioned in passing that when a crime is defined as being against another person, "the victim is a distinguishing factor and the identity of the victim therefore is an element of the offense." *Olquin*, 165 P.3d at 232. Petitioner reasons that, because the sexual exploitation of a minor is a crime against another person, the identity of that person—that is, the name and age of the child—must be an element of the crime, and should therefore have been included in the indictment and proven at trial.

Petitioner's interpretation of Arizona state law is incorrect. As noted in the R&R, the Arizona Court of Appeals has repeatedly rejected this interpretation of § 13-3553, including in denying Petitioner's Motion for Reconsideration in this case.[1] The Arizona Court of Appeals squarely confronted and rejected the very argument Petitioner now advances in both *State v. Regenold*, No. 1 CA-CR 16-0436 PRPC, 2019 WL 1219624 (Ariz. Ct. App. Mar. 14, 2019) and *State v. Thompson*, No. 1 CA-CR 15-0622 PRPC, 2017 WL 1180247 (Ariz. Ct. App. Mar. 30, 2017). The *Regenold* court noted that "nothing in § 13-3553 suggests that identifying the child is an essential element," reasoning that the mere fact that "the children are 'victims' does not mean their identities are essential elements of

---

[1] (Doc. 21 at 7–8). A declaration of state law by a state court need not be precedential to be owed deference on federal habeas review. *See Bradshaw*, 546 U.S. at 76 (deferring to a state court interpretation of state law even though expressed as dictum where that statement was "perfectly clear and unambiguous"). Additionally, as noted in the R&R, Ariz. Sup. Ct. R. 111(c) provides that memorandum decisions may be cited "for persuasive value" if no published opinion adequately addresses the issue before the court. The Court agrees with the conclusion of the R&R that the unpublished opinions of the Arizona Court of Appeals interpreting § 13-3553 accurately represent Arizona state law.

- 4 -

the offense." *Regenold*, 2019 WL 121964 at *2. The *Thompson* court likewise found that "[n]one of the authority [Petitioner] cites required the State to prove the "actual identity" (i.e., the name and age) of the minor victim." *Thompson*, 2017 WL 1180247 at *2. These state-court statements of state law are "perfectly clear and unambiguous," and this Court must defer to them. *See Bradshaw*, 546 U.S. at 76.

Even examining Petitioner's arguments on the merits rather than deferring to Arizona state courts, this Court would reject them. The *Hazlett* holding requires not that persons depicted in the images be identified as opposed to unidentified, but rather that they be actual minors and not fictitious characters. *See Hazlett*, 73 P.3d at 1260–66. Identifying a minor would be one way to prove that a depicted person was both "actual" and a "minor," but manifestly not the only way. Here, as the R&R recounted, the state demonstrated these facts by expert testimony, and Petitioner himself admitted that the depicted persons were "obviously children." *State v. Bauer*, No. 2 CA–CR 2015–0018, 2016 WL 1704613 *1 (Ariz. Ct. App. Apr. 28, 2016).

Further, the Arizona Court of Appeals persuasively distinguished the portion of *Olquin* Petitioner relies on as dicta and declined to follow it in *State v. Villegas-Rojas*, 296 P.3d 981, 983–84 (Ariz. Ct. App. 2012). Petitioner urges that *Villegas-Rojas* is inapposite because it concerned a different type of offense, but he fails to explain how a statement which is dictum when applied to one case may transform into a holding when applied to another. (Doc. 24 at 3 n.2). Thus, this Court concludes that the identity of an actual minor is not an element of A.R.S. § 13-3553.[2]

Because Petitioner's interpretation of the elements of § 13-3553 is wrong, the Court agrees with the conclusions of the R&R that Petitioner's first, second, and fourth grounds for relief must fail. Regarding ground one, the indictment could not have been

---

[2] Petitioner cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as supporting his interpretation of § 13-3553. Even had he not waived this argument, (Doc. 21 at 6 n.3), his reliance is misplaced. The *Apprendi* Court held that any fact used to increase the sentence beyond the statutory maximum "is the functional equivalent of an element of a greater offense." *Apprendi*, 530 U.S. at 494 n.19. Here, Petitioner "fails to recognize that the additional fact required ... is a victim under the age of fifteen, not the victim's name." *Regenold*, 2019 WL 1219624 at *3.

- 5 -

constitutionally defective for failing to allege something which is not an element of the charged offense. It provided the date of the violation, the statutes violated, and the specific file name of each image at issue. (Doc. 10-1 at 16–20). Consistent with the R&R, this Court finds that the indictment was sufficient to provide Petitioner with adequate notice of the charges and protect his right against double jeopardy. (Doc. 21 at 8–9).

With regard to ground two, the state's failure to present evidence of a fact that is not an element of the charged offense could not have violated Petitioner's due process rights. The Court agrees with the conclusions of the R&R that the last reasoned decision by a state court shows that the evidence presented at trial addressed each actual element of the offense and was sufficient to sustain a guilty verdict. (Doc. 21 at 10–11).

Given that Petitioner's claims in grounds one and two are without merit, his claim in ground four must fail as well. The Court agrees with the reasoning of the R&R that, because counsel cannot be held ineffective for failing to raise meritless claims, Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness. (Doc. 21 at 14–15).

Thus, Petitioner's objections are overruled and the R&R is accepted on grounds one, two, and four. Relief on those grounds is denied.

**b. Ground Three**

In his third ground for relief Petitioner claims that he should be granted a new trial because the trial court gave an erroneous jury instruction. (Doc. 1 at 8). A portion of the instruction closely tracks the language of A.R.S. § 13-3556, which the Arizona Court of Appeals has held to be unconstitutionally overbroad. *Hazlett*, 73 P.3d at 1264 n.10. Petitioner argues that, because the erroneous instruction permitted the jury to infer from appearances that the depicted persons were actual minors, the instruction relieved the jury of its responsibility to find the elements of the crime beyond a reasonable doubt. (Doc. 19 at 21–22 (citing *Francis v. Franklin*, 471 U.S. 307, 317 (1985)). Petitioner further argues that this instruction constituted structural error not subject to harmless error review. (Doc. 19 at 23).

The only question for federal courts on habeas review of jury instructions "is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Martinez v. Ryan*, 926 F.3d 1215, 1230 (9th Cir. 2019) (quoting *Estelle*, 502 U.S. at 72). "[T]he instruction . . . must be considered in the context of the instructions as a whole and the trial record." *Id.* Where, as here, the instructed inference is permissive rather than mandatory, it "violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Hall v. Haws*, 861 F.3d 977, 990 (9th Cir. 2017) (quoting *Francis*, 471 U.S. at 314). The text of the relevant jury instruction, (Doc. 10-2 at 234), is as follows:

> In a prosecution relating to sexual exploitation of children, you may draw the inference that a participant was a minor if the visual depiction or live act through its title, text or visual representation depicted the participant as a minor.
>
> You are free to accept or reject this inference as triers of fact. You must determine whether the facts and circumstances shown by the evidence in this case warrant any inference that the law permits you to make. Even with the inference, the State has the burden of proving each and every element of the offense beyond a reasonable doubt before you can find the defendant guilty.
>
> In considering whether the participant was a minor, you are reminded that in the exercise of constitutional rights, a defendant need not testify. The alleged unlawful conduct may be satisfactorily explained through other circumstances and other evidence, independent of any testimony by a defendant.

The Court agrees with the conclusion of the R&R that the jury instruction did not so infect the entire trial that Petitioner's conviction violates due process. The inference permitted by the jury instruction allows a conclusion that is justified by reason and common sense in light of the proven facts before the jury. Here the inference the jury was permitted to draw was that the persons depicted in the images were actual minors. As discussed above and as recounted by the R&R, the "state's expert testified at length and specifically about the ages of the children depicted based on their sexual development." (Doc. 21 at 13 (R&R); Doc. 10-1 at 300–33 (expert testimony)). The Arizona Court of Appeals noted that the "images themselves clearly depict actual minors, not adults pretending to be minors."

*Bauer*, 2016 WL 1704613 at *1. Tellingly, Bauer himself admitted that the depicted persons were "obviously children." *Id.*

There is a clear common-sense connection between the evidence before the jury—expert testimony that the children were actual minors, Petitioner's own admission indicating that the children were actual minors, and the images themselves clearly depicting actual minors as noted by the Arizona Court of Appeals—and the conclusion that the depicted persons were actual minors. Indeed, the connection is so clear that the evidence supports the jury's verdict without need for reliance on the inference instruction. For example, one image viewed by the jury was entitled "3yo&8yosisters.jpg" and showed two girls who in the expert witness's opinion were under 13 and five years of age respectively based on their total lack of secondary sexual development. (Doc. 10-1 at 325–26). The expert witness commented that the younger girl was "so small" and looked "so young." (*Id.* at 326). In this example, jurors did not need to draw an "inference" to determine that this image depicted an actual minor under the age of 15 as the common knowledge of the average juror would allow them to recognize that a child that is, in the expert's opinion, under five years old is a minor under 15 years old. The Court agrees with the conclusion of the R&R that the erroneous instruction did not render the entire trial constitutionally deficient. (Doc. 21 at 13).

Petitioner cites *Francis* in arguing that the erroneous instruction relieved the jury of its responsibility to find each element beyond a reasonable doubt, thereby violating the Due Process Clause. (Doc. 19 at 21–22). But *Francis* makes clear that, by its very nature, "a permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved." *Francis*, 471 U.S. at 314. Further, here, the jury instruction itself informs jurors that they are "free to accept or reject" the inference, and that "the State has the burden of proving each and every element of the offense beyond a reasonable doubt." (Doc. 10-2 at 234). Therefore, the jury instruction in this case complied with the requirement of the Due Process Clause that the accused be protected "against

conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Francis*, 471 U.S. at 313.

Petitioner also argues that the jury instruction at issue is not subject to harmless error review, but this is incorrect. "A constitutionally deficient jury instruction is a trial-type error that is subject to harmless error analysis." *Hanna v. Riveland*, 87 F.3d 1034, 1038 (9th Cir. 1996). More importantly, because the Court has determined that a prerequisite federal constitutional error did not occur, harmless error review is not warranted. *See Fry v. Pliler*, 551 U.S. 112, 121 (2007) ("it would not matter which harmless error standard is employed if there were no underlying constitutional error") (internal quotation marks omitted). Nonetheless, if the Court reached this question it would conclude that any error was harmless because, given the strength of the evidence as discussed above, the jury instruction could not have had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).[3]

Based on the foregoing, Petitioner's objections to the R&R on ground three are overruled and relief on this claim is denied.

### c. Certificate of Appealability

An appeal may not be taken from this order unless this Court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA may issue only if a petitioner has made a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Generally, "a COA should issue unless the claims are utterly without merit." *See id.* (internal quotation marks and citation omitted).

Petitioner's first, second, and fourth grounds for relief are utterly without merit, premised as they are upon a legal interpretation repeatedly rejected by state courts. Ground

---

[3]*Brecht* gives the proper standard for assessing this question. *Fry*, 551 U.S. at 121–22. ("[I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in *Brecht* . . . whether or not the state appellate court recognized the error ....").

three is also meritless. The common-sense connection between the proven facts and the conclusion permitted by the inference is so clear that reasonable jurists could not find the Court's assessment of the constitutional claim debatable. The Court hereby adopts the recommendation of the R&R to deny a COA on all grounds for relief because Petitioner has not made a substantial showing of the denial of a constitutional right. (Doc. 21 at 16).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 21) is accepted and adopted. The objections (Doc. 24) are overruled.

**IT IS FURTHER ORDERED** that the petition in this case (Doc. 1) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 24th day of July, 2020.

James A. Teilborg
Senior United States District Judge