WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Charles Bauer,<br><br>           Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>           Respondents. | No. CV-19-01155-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Scott Charles Bauer's ("Petitioner") Rule 60(b)(6) Motion for Relief from a Judgment or Order. (Doc. 31). Respondent has filed a response opposing the motion. (Doc. 35). Having considered the Parties' briefs, the Court finds that Petitioner's Motion should be DENIED.

**I.  BACKGROUND**

On December 19, 2014, Petitioner was convicted of nineteen counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553. (Doc. 10-2, Ex. Y at 271). After exhausting available state law remedies, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 19, 2019. (Doc. 1).

Magistrate Judge Morrissey entered a Report and Recommendation on May 5, 2020, recommending that Petitioner's habeas petition should be dismissed. (Doc. 21 at 1). He found that although the petition was timely filed and Petitioner had exhausted state law remedies, all four of the grounds Petitioner raised in his petition were meritless. (*Id.* at 1, 4–5). Magistrate Judge Morrissey also recommended that a certificate of appealability be

denied. (*Id.* at 16).

On July 24, 2020, the Court entered an order adopting the Report and Recommendation, dismissing Petitioner's § 2254 petition. (Doc. 21). Petitioner appealed the Court's decision to the Ninth Circuit Court of Appeals on August 28, 2020, (Doc. 28), and the Ninth Circuit Court of Appeals denied a certificate of appealability on February 10, 2021. (Doc. 30).

Petitioner filed a Motion for Relief from a Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(6) on December 10, 2021. (Doc. 31). Petitioner contends that the Court erred by failing to conduct de novo review of Ground One[1] of his habeas petition. (Doc. 31 at 5). Respondents argue that Petitioner has failed to file his motion within a reasonable time and to show extraordinary circumstances that entitle him to relief. (Doc. 35 at 6–7).

**II.   ANALYSIS**

Following the denial of his § 2254 petition for habeas corpus relief, Petitioner filed his Rule 60(b)(6) motion. (Doc. 31). Rule 60(b) relief is appropriate when a party wishes a court to reconsider claims it has already decided in a § 2554 petition. *Morehead v. Schriro*, No. CV-99-2157-PHX-PGR, 2008 U.S. Dist. LEXIS 42262, at *3–4 (D. Ariz. May 27, 2008) ("[P]etitioner may properly seek such reconsideration through the mechanism of a Rule 60(b) motion because the Court, by finding that the petitioner had procedurally defaulted on Ground 7, never reached the merits of that claim."); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (finding that a motion for relief from judgment challenging only the district court's prior ruling that the habeas petition was time-barred is not the equivalent of a second or successive petition). Rule 60(b)(6), in particular, permits a court to grant relief from "a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

A motion under Rule 60(b)(6) must be brought "within a reasonable time" *and* requires a showing of "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. The Ninth

---

[1] Ground One of Petitioner's habeas petition "asserts that the indictment was insufficient as a matter of law, and the trial court therefore did not have subject-matter jurisdiction over his case." (Doc. 5 at 1).

1 Circuit Court of Appeals has emphasized that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). The United States Supreme Court has said that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

### A. Petitioner did not file within a reasonable time

The pending motion was not brought within a reasonable time. What constitutes a "reasonable time" is a fact-intensive inquiry. *See Hall v. Haws*, 861 F.3d 977, 987–88 (9th Cir. 2017) (citing *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009)). "In determining whether the Rule 60(b)(6) motion was filed within a reasonable time, the court may consider whether the government was prejudiced by the delay and whether the movant had a good reason for failing to take action sooner." *Yeshiwas v. U.S. Citizenship & Immigration Servs.*, No. C 12-1719 PJH, 2014 WL 31455, at *2–*3 (N.D. Cal. Jan. 3, 2014) (citing *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989)).

Petitioner's analysis regarding whether he filed his Rule 60(b)(6) motion within a reasonable time is unavailing. Petitioner argues that he filed within a reasonable time by providing a timeline of his actions since the Court denied his petition. (Doc. 37 at 4). However, the Court believes that Petitioner has conflated (1) the Rule 60(b)(6) standard requiring a "reasonable time" with (2) the tolling of the statute of limitations for a state prisoner to file a federal habeas petition.[2] Petitioner's timeline would be relevant to whether the limitations period for filing a federal habeas petition can be tolled, not whether a Rule 60(b)(6) motion was filed within a "reasonable time." Notably, Petitioner could have filed his Rule 60(b)(6) motion while he was pursuing the appeals process as he has described in his timeline. The arguments Petitioner raises in his current motion were available to him at

---

[2] The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). This period is subject to both statutory and equitable tolling, where applicable. *See id.* § 2244(d)(2) (statutory tolling); *Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling).

- 3 -

1 the time the Court denied his federal habeas petition. (*Compare* Doc. 21 and Doc. 26 *with* Doc. 31 and Doc. 37).

Further, Petitioner fails to provide sufficient reasons that he could not have filed the present motion immediately after the Court denied his habeas petition. The arguments Petitioner raises in his motion were available to Petitioner at the time judgment was entered. Petitioner's appeals process is not relevant to whether his Rule 60(b)(6) motion is timely. Thus, Petitioner did not exercise diligence by allowing seventeen months to pass from the date of the judgment to the filing of a motion seeking relief from that judgment. *See Van Adams v. Schriro*, No. CV-04-1359-PHX-MHM, 2009 U.S. Dist. LEXIS 5063, at *9–10 (D. Ariz. Jan. 9, 2009) (finding that petitioner did not exercise diligence by allowing thirteen months to pass from date of judgment to filing of motion).

Additionally, the Court finds the motion at issue more akin to a Rule 59(e) motion. Under Rule 59(e), litigants can move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions are generally based on one or more of four basic grounds: correcting manifest errors of law or fact upon which judgment rests, presenting newly discovered or previously unavailable evidence, preventing manifest injustice, and accounting for intervening changes in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Here, Petitioner only asserts that the Court has erred in its previous judgment; he fails to assert any new evidence, arguments, or intervening changes in the law. (*See* Doc. 31). Accordingly, Petitioner's motion effectively requests the Court to amend its judgment, not to determine whether new facts and arguments warrant relief from the judgment. The plain language of Rule 59(e) requires such motions to be filed within 28 days of a judgment, a date which has long passed.

Therefore, Petitioner's motion fails because it was not brought within a reasonable time under the requirement of Rule 60(b)(6) or within 28 days under the requirement of Rule 59(e).

### B.  Petitioner failed to demonstrate extraordinary circumstances

Even if Petitioner's motion is properly a Rule 60(b)(6) motion, and even if Petitioner filed the motion within a reasonable time, Petitioner has also failed to make a showing of extraordinary circumstances. When evaluating whether a petitioner has demonstrated extraordinary circumstances, courts may consider a "wide range of factors." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017). Such factors "may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988). "'[A] change in intervening law' can constitute an extraordinary circumstance." *Mitchell v. United States*, 958 F.3d 775, 786 (9th Cir. 2020) (alteration in original) (quoting *Hall v. Haws*, 861 F.3d 977, 987–88 (9th Cir. 2017)). The Ninth Circuit Court of Appeals has endorsed a six-factor test to determine whether extraordinary circumstances exist. *See Lopez v. Ryan*, 678 F.3d 1131, 1135–1137 (9th Cir. 2012) (citing *Phelps v. Alameida*, 569 F.3d at 1137–40) ("*Phelps* analysis").

The first factor from the *Phelps* analysis considers the "nature of the intervening change in the law." *Lopez*, 678 F.3d at 1135 (citing *Phelps*, 569 F.3d at 1135). Petitioner does not provide evidence of any intervening changes in the law. (*See* Doc. 31; Doc. 37). Accordingly, this factor weighs strongly against a finding of extraordinary circumstances in Petitioner's case. Because Petitioner does not cite or argue a change in the law, the remaining *Phelps* factors are somewhat inapposite to this case. However, the Court will nonetheless address them.

The second factor considers "the petitioner's exercise of diligence in pursuing the issue during the federal habeas proceedings." *Lopez*, 678 F.3d at 1136 (citing *Phelps*, 569 F.3d at 1136). Here, the Court must consider Petitioner's "diligence in pursuing his current theory," *id.*, in which he contends that the Court failed to consider "his Ground One claims in light of *federal* case law *de novo*." (Doc. 37 at 6 (emphasis in original)).

Petitioner indeed previously raised his current theory in his appeal to the Ninth Circuit Court of Appeals. (*See* Doc. 28). However, Petitioner failed to petition for certiorari

on these grounds. Thus, although Petitioner exercised some diligence in pursuing his current theory, he did not exhaust the issue during federal habeas proceedings. Moreover, Petitioner did not exercise diligence during his federal habeas proceedings when he waited until the time to appeal the Court's decision had expired before filing his Rule 60(b)(6) motion. This factor weighs against Rule 60(b)(6) consideration.

The third factor relates to whether allowing a Rule 60(b)(6) motion would "disturb[] the parties' reliance interest in the finality of the case." *Phelps*, 569 F.3d at 1137 (citing *Ritter v. Smith*, 811 F.2d 1398, 1401–02 (11th Cir. 1987)). Here, Petitioner allowed the time to appeal the Court's decision in his habeas petition to expire before filing his Rule 60(b)(6) motion. Thus, a strong interest in finality is implicated. The Court acknowledges that, like in *Phelps*, neither party here "ha[s] undergone any change in legal position," *Phelps*, 569 F.3d at 1138, due to the Court's previous decision. However, substantial interest in finality of the judgment nonetheless exists. *See Calderon v. Thompson*, 523 U.S. 538, 557 (1998) ("The prisoner has already had extensive review of his claims in federal and state courts. . . . the State's interests in actual finality outweigh the prisoner's interest in obtaining yet another opportunity for review."). The AEDPA's limitations period for filing a petition for habeas relief further evidences this interest. Additionally, the victims in Petitioner's criminal case have a substantial interest in the finality of Petitioner's judgment. For these reasons, this factor weighs against Rule 60(b)(6) consideration.

The fourth factor considers "'delay between the finality of the judgment and the motion for Rule 60(b)(6) relief.'" *Lopez*, 678 F.3d at 1136 (quoting *Phelps*, 569 F.3d at 1138). In *Phelps*, the Ninth Circuit noted a previous holding that a nine-month gap was "'only a very brief delay.'" *Id.* (quoting *Ritter*, 811 F.2d at 1402). The Court's Order dismissing Petitioner's habeas petition became final on July 13, 2021, 150 days after the Ninth Circuit denied Petitioner's appeal. *See* U.S. S. Ct. Order, March 19, 2020 (ordering that "the deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment"). Petitioner filed his Rule 60(b)(6) motion on December 10, 2021. (Doc. 31). In light of *Phelps*, the Court

finds that five-month gap is also a brief delay. This factor thus does not weigh against Rule 60(b)(6) consideration.

The fifth factor considers the relationship between "the decision embodying the original judgment and the subsequent decision embodying the change in the law. *Phelps*, 569 F.3d at 1139. As previously noted, Petitioner does not assert any changes in intervening law that bear on the Court's prior decision. This factor weighs strongly against Rule 60(b)(6) consideration.

The sixth factor considers the importance of "comity between the independently sovereign state and federal judiciaries." *Phelps*, 569 F.3d at 1139. "[I]n the context of Rule 60(b)(6), [courts] need not be concerned about upsetting the comity principle when a petitioner seeks reconsideration not of a judgment on the *merits* of his *habeas* petition, but rather of an *erroneous* judgment that prevented the court from ever reaching the merits of that petition." *Id.* (emphasis in original). Here, Petitioner argues that the Court erred on procedural grounds, namely, that it failed to conduct de novo review of the merits of one of his claims. (Doc. 31; Doc. 37). Thus, according to *Phelps*, the Court need not worry about disrupting comity, so this factor does not weigh against Rule 60(b)(6) consideration.

In light of the preceding analysis, the Court does not believe that Petitioner has sufficiently demonstrated extraordinary circumstances warranting Rule 60(b)(6) relief. Although some factors do not weigh against Petitioner, the Court finds Petitioner's failure to provide evidence of changes in intervening law that could render the Court's previous decision erroneous particularly compelling.[3] Accordingly, the Court is not persuaded by the remaining factors in the *Phelps* analysis absent such a showing. For these reasons, the Court finds no extraordinary circumstances in support of granting Petitioner's Rule 60(b)(6) motion.

### C. Petitioner's substantive arguments are meritless

Even if the Court re-opened this case, Petitioner's arguments fail on the merits.

---

[3] The United States Supreme Court in *Gonzalez* placed significant emphasis on this factor in particular. In *Gonzalez*, the petitioner *did* allege a change in intervening law; even so, the Supreme Court found that the change was insufficient to warrant granting a Rule 60(b)(6) motion. *Gonzalez*, 545 U.S. at 536–37.

Petitioner argues that the Court erred by (1) finding his *Apprendi* argument[4] waived and (2) failing to conduct de novo review of Petitioner's state court proceedings. (Doc. 31 at 4). However, the Court properly addressed both of these issues in its Order denying Petitioner's habeas petition. (Doc. 26 at 5, 5 n.1). Accordingly, the Court finds that Petitioner's substantive Rule 60(b)(6) arguments fail on the merits.

### D. Petitioner does not meet the requirements for a certificate of appealability

Finally, the Court finds that Petitioner is not entitled to a certificate of appealability. Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To be entitled to a COA, a habeas petition must show that: "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the petition was dismissed on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "[B]oth showings" must be made. *Id.*

Here, the Court concludes that Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in denying Petitioner's Rule 60(b)(6) motion. Accordingly, the Court does not find a certificate of appealability warranted.

### III. CONCLUSION

Petitioner's motion for relief under Rule 60(b)(6) is neither timely nor does it invoke extraordinary circumstances beyond Petitioner's control.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from a Judgment or Order (Doc. 31) is **DENIED**.

/ / /

/ / /

---

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to this Rule 60(b)(6) motion.

Dated this 5th day of April, 2022.

James A. Teilborg
Senior United States District Judge